IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH WAYNE LEWIS,<br><br>　　　Plaintiff,<br><br>v.<br><br>ZOLL MEDICAL CORP., et al.,<br><br>　　　Defendants. | Civil Action<br>No. 19-19231 (RBK) (AMD)<br><br>**OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

　　Plaintiff, a federal prisoner, is proceeding *pro se* with a Complaint perhaps alleging claims under 5 U.S.C. § 552(a), the Privacy Act.  For the reasons stated in this Opinion, the Court will dismiss with prejudice the Privacy Act claims against Defendants Zoll Medical Corporation and Kayleigh Anglum, and dismiss the remainder of the Complaint without prejudice, for failure to state a claim.  If Plaintiff believes he can amend his Complaint to otherwise state a claim, he may file a motion to amend along with a proposed amended complaint.

### I.　　BACKGROUND

　　The Court will construe the factual allegations of the Complaint as true for the purpose of this Opinion.   Plaintiff names Zoll Medical Corporation and Kayleigh Anglum as Defendants in this case.

　　The Court gleans from the rambling and disjointed allegations, that Plaintiff is dissatisfied with the handling of his medical information.  Plaintiff's pleading, however, is nearly incomprehensible, consisting primarily of unfocused allegations and at times, what appear to be random collections of legal words and phrases.

Moreover, the Complaint occasionally alleges statements that defy reality. For example, Plaintiff states that he "is not and never has been a federal inmate, federal prisoner nor federal dependent," yet he is currently incarcerated at Federal Correctional Institute (FCI) Fort Dix, mailed his documents from that prison, and attached his inmate trust account statement as an exhibit. (ECF No. 1, at 2).

With regard to his medical records, Plaintiff states that "Zoll Medical Corporation and Kayleigh Anglum [were] asked to interpret the medical data from Aug. 17, 2018 – Sept. 27, 2018 at FCI Fort Dix, Camp – New Jersey and from Sept. 27, 2018 – Feb. 20, 2019 into the following questions." (ECF No. 1, at 1). Plaintiff then proceeds to list questions that do not lead to any sensical or logical version of events. For example, "[e]xplain how could [Plaintiff] all of a sudden [have] an ejection fraction of '57' - with 57-70 being normal on or about Jan. 23, 2019 when it was suppose to be between '30-35' Aug. 17, 2019." (*Id*). Plaintiff appears to be referring to something about his heart, but it is not clear to the Court the precise association between his heart condition and his medical records, or how these events caused Plaintiff harm.

Plaintiff filed the instant Complaint in October of 2019, perhaps alleging claims under the Privacy Act.

## II.   STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a

2

formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege a "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, however, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (finding that the Rule 12(b)(6) standard applies to dismissal of complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim).

forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### III.   DISCUSSION

With the principles above in mind, the Court finds that the Complaint fails to comply with Federal Rule of Civil Procedure 8. As discussed above, Rule 8 requires the Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Plaintiff does mention the Privacy Act, the Complaint fails to simply or directly allege what his claims are against each Defendant and fails to provide fair notice of the grounds on which he intends to rest his claims. Plaintiff's Complaint contains incoherent factual allegations and a collection of "bare conclusions [against the Defendants]. . . which are insufficient as a matter of law to state a claim for relief." *Kaplan v. Holder*, No. 14-1740, 2015 WL 1268203, at *4 (D.N.J. Mar. 18, 2015) (citing *Iqbal*, 556 U.S. at 678).

That said, even construing the Complaint under the Privacy Act, the claims against the named Defendants are facially meritless. The Privacy Act reads in relevant part:

> (g)(1) Civil Remedies.—Whenever any *agency*
>
> > (A) makes a determination under subsection (d)(3) of this section not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection;
> >
> > (B) refuses to comply with an individual request under subsection (d)(1) of this section;
> >
> > (C) fails to maintain any record concerning any individual with such accuracy. . . and consequently a determination is made which is adverse to the individual; or

> (D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual, the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

5 U.S.C. § 552(a)(g)(1) (emphasis added).

Under the Privacy Act, an agency "'includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government . . . or any independent regulatory agency.'" *Banda v. Camden Cty. Bd. of Chosen Freeholders*, No. 17-5475, 2009 WL 1561442, at *2 (D.N.J. May 29, 2009) (quoting 5 U.S.C. § 552(f)(1)).

To the Court's knowledge, the Zoll Medical Corporation is not a federal agency. Accordingly, it is not subject to suit under the Privacy Act, and the Court will dismiss the claims against Zoll Medical Corporation with prejudice. As to Defendant Anglum, even if Zoll Medical Corporation were a federal agency, the Privacy Act "authorizes suit against federal agencies only and not individual employees of an agency." *E.g.*, *Lewis v. Bureau of Prisons*, No. 17-5475, 2018 WL 6046721, at *4 (D.N.J. Nov. 19, 2018) (citing *Kates v. King*, 487 F. App'x 704, 706 (3d Cir. 2012)("The Act does not authorize suit against individual employees of an agency.")). Consequently, the Court will also dismiss with prejudice any Privacy Act claims against Defendant Anglum. *Id.*

Assuming *arguendo*, that Plaintiff sued a proper defendant, it is not clear if federal records are at issue, or if Plaintiff suffered any harm or adverse determination as a result. Under "the Privacy Act, the Plaintiff must show both that his records were incorrectly maintained and that he suffered an adverse determination as a result of the wrongful maintenance of his files." *Harry v.*

5

*USPS*, 867 F. Supp. 1199, 1204 (M.D. Pa. 1994) (citing *Rose v. U.S.*, 925 F.2d 1257, 1259 (9th Cir. 1990)).

Taken together, the Complaint in its current form simply "would not provide any meaningful opportunity for [a proper defendant] to decipher or answer the vague allegations levied against them," under the Privacy Act or otherwise. *Koehler*, 2019 WL 1231679, at *3; *see Twombly*, 550 U.S. at 555. Accordingly, the Court will dismiss without prejudice the remainder of the Complaint under Rule 8 and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's Privacy Act claims against Zoll Medical Corporation and Kayleigh Anglum with prejudice. If he believes he can assert facts to assert a proper Privacy Act claim or otherwise state a claim, Plaintiff may file a motion to amend along with a proposed amended complaint. An appropriate Order follows.

Dated: May 5, 2020  s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge